UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:14-cr-12 HSM-SKL |
| | ) | |
| ROBERT ROY HATTAWAY | ) | |

**RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

COMES NOW the United States of America, by and through its attorneys, William C. Killian, United States Attorney for the Eastern District of Tennessee, and James T. Brooks, Assistant United States Attorney, and asks this Court to deny the Defendant's Motion for a Bill of Particulars because the Superseding Indictment sets forth the elements of the offenses charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial.

**1. Introduction**

Bank fraud and false statement cases can be as complex and sophisticated as the banking industry is itself. See for instance the case against Steven Warshak and others involving a 112 count indictment, a six week trial, and a fraud described (in a 98-page opinion) as a charge-back manipulation scheme. *United States v. Warshak*, 631 F.F.3d 266 (6th Cir. 2010) Or, they can be exceptionally simple, like this case, where the defendant did two things--submitted a number of false receipts and negotiated a number of altered checks. Despite its simplicity, the defendant still seeks a bill of particulars.

The defendant is charged with bank fraud in a detailed and straightforward Superseding Indictment that sets forth how the defendant presented specific altered checks to a specific bank

on specific dates. The defendant is also charged with making false statements to the Federal Crop Insurance Corporation by submitting false receipts. For the false statements charges, the Superseding Indictment lists specific dates submitted by the defendant which are false, as well as the specific bushels and payment, to the penny, which are false. The Superseding Indictment even explains that the receipts are fabricated and thus entirely false. The government has provided extensive discovery relating to these charges--including copies of all of the altered checks and all of the fictitious grain receipts. The government has made the records available to defendant's attorney for inspection. Yet, the defendant still seeks a bill of particulars that bears greater resemblance to civil interrogatories than to a proper motion for a bill of particulars. (R. 28, M.B.P. at 3-4.) The defendant contends his request "falls into eight categories" as follows:

(1) identification of the specific "false and fraudulent pretenses, representation and promises" relied on by the Government to support the charge of bank fraud;

(2) identification of the specific individuals to whom the "false and fraudulent pretenses, representations and promises" charged in the indictment were made;

(3) identification of the specific dates on which the "false and fraudulent pretenses, representations and promises" were made;

(4) identification of the specific means used to effectuate the removal of Homeland's name from the alleged altered checks;

(5) identify which transactions Defendant Hattaway intended to conceal from Homeland Community Bank;

(6) identification of the specific individuals to whom Defendant Hattaway made any affirmative misrepresentations in order to conceal transactions from Homeland;

(7) identification of false reports made by Defendant Hattaway.

2

(8) what documents gave Homeland ownership interest in the proceeds from the sale of grain.

(R. 28, M.B.P. at 3-4.)

In the argument section of his motion, the defendant repeats several of the requests listed above, but not all. As for the bank allegations, he claims the Superseding Indictment does not identify the specific false representations. (R. 28, M.B.P. at 6, 7.) He claims it does not allege to whom the representations were made (*Id*. at 7) or how the checks were altered (*Id*. at 8) or what was concealed. (*Id.* at 8.) As for the fake receipts, he claims the Superseding Indictment fails to identify the false reports (*Id.* at 4) and to identify what is fake about the receipts. (*Id.* at 4, 8.) Yet, the Superseding Indictment and the discovery particularly describe every matter raised.

The Superseding Indictment and the discovery address each "category," respectively as follows:

(1) The Superseding Indictment specifically describes the fraudulent representations and pretenses as presenting altered checks to the Bank. (R. 21, Superseding Indictment at 3-4.)

(2) The discovery indicates the checks were presented to various bank tellers.

(3) The Superseding Indictment explicitly states the dates on or about which the checks were presented. (*Id.* at 4.)

(4) The Superseding Indictment specifically states the means the defendant used to alter and/or obtain the altered checks are unknown. (*Id.* at 2.) (See Fed. R. Crim. P. 7 "A count may allege that the means by which the defendant committed the offense are unknown…")

(5) The Superseding Indictment alleges the defendant made fraudulent representations by presenting altered checks to the bank intending to conceal that the funds represented proceeds from the sale of the Bank's security. (*Id.* at 3.)

(6) The Superseding Indictment describes the fraudulent representations and pretenses the defendant made—the law does not require the government prove or plead affirmative misrepresentations. (*Id.*)

3

(7) The Superseding Indictment specifically alleges the false statements and reports are the fake receipts. (*Id.* at 6.)

(8) The defendant's eighth "category" is a discovery request, not a request for a bill of particulars. The government has provided the defendant the documentation surrounding the loan, including a copy of a UCC form. The defendant makes no argument (or mention) of this request in the remainder of his motion and this "category" should be deemed abandoned. Moreover, when the defendant sued the Bank for racketeering (for giving him a loan), the defendant alleged that the Bank listed a "security agreement" for "crops" "secured by a separate UCC 1." (*Robert Roy Hattaway v. Homeland Community Bank*, et al 4:12-cv-00005, HSM-WBC; R. 1, Complaint at 3-4.)

The detailed Superseding Indictment, a "speaking indictment," and the discovery sufficiently apprise the defendant of the charges to enable him to prepare. The government has provided the defendant with extensive discovery in this case which gives him access to details regarding the charges and eliminates any need for a bill of particulars. *See*, e.g., *United States v. Fassnacht*, 332 F.3d 440, 447 n.2 (7th Cir. 2003) (discovery provided to the defendant further obviates the need for bill of particulars). As such, his motion should be denied.

**2.    Law**

In general, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. . ." Fed. R. Crim. P. 7(c). A court may direct the government to file a bill of particulars if a defendant moves for the bill of particulars before arraignment or within 14 days after the arraignment or, at a later time, with the court's permission. Fed. R. Crim. P. 7(f). The test for ruling on a motion for a bill of particulars is "whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 Fed. App'x 706, 724 (6th Cir. 2008) (affirming denial of bill of particulars). The purpose of a bill of particulars is to remedy vague or indefinite language in the indictment in order "to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for

4

the same crimes." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir.2004) (*quoting Salisbury*, 983 F.2d at 1375), *cert. denied*, 542 U.S. 910, 124 S.Ct. 2857, 159 L.Ed.2d 279 (2004). An indictment is generally sufficient when it describes the offense in the words of the statute. *Hamling v. United States*, 418 U.S. 87, 117 (1974). A bill of particulars should not be issued where the indictment is sufficiently detailed. *United States v. Mahar,* 801 F.2d 1477, 1503 (6th Cir. 1986) (affirming denial of bill of particulars); *United States v. Brimley,* 529 F.2d 103, 108 (6th Cir. 1976) (affirming denial of request to know more specifically which defendants were principals and which were aiders and abettors). Moreover, a bill of particulars is not a "tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1991), *accord United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). Nor is it a tool to be used to discover the government's theory of the case. *United States v. Jones*, 678 F.Supp. 1302, 1304 (S.D. Ohio 1988); *United States v. Kilrain*, 566 F.2d 979 (5th Cir. 1978). Lastly, a "defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991) (*superseded on other grounds by statute*).

3. **Argument**

In the binding Sixth Circuit authority cited above, all the opinions affirm the denial of motions for bills of particulars. *See also United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (affirming denial of motion for bill of particulars in a drug case); *United States v. Phibbs*, 999 F.2d 1053, 1086 (6th Cir. 1993) (affirming denial of a motion for bill of particulars in a continuing criminal enterprise case.); *Turner v. United States,* 426 F.2d 480, 483 (6th Cir. 1970) (affirming denial of request for a bill of particulars); *United States v. Younes,* 194 Fed.App'x 302, 309 (6th Cir. 2006) (affirming denial of request for a bill of particulars). The general rule

from these cases is clear: when an indictment fairly informs the defendant of the charges and is otherwise sufficient under Rule 7(c)(1), there is no reason to take the unusual step of ordering the production of a bill of particulars.

The defendant claims the Superseding Indictment does not identify the specific misrepresentations and concealment described in the bank fraud allegations. That is simply incorrect. The Superseding Indictment clearly states that the defendant "for the purpose of executing" a described scheme "by means of materially false and fraudulent pretenses, representations, and promises did knowingly deposit and cash. . .altered checks at Homeland Community Bank. . ." (R. 21, Superseding Indictment at 3.) The Superseding Indictment further alleges the defendant did "deposit and cash…altered checks at Homeland, intending such fraudulent pretenses and representations to conceal that the checks represented proceeds from Homeland's security and to give the pretense that defendant was entitled to the entire proceeds within each check…" (*Id.*) As for the concealment, the Superseding Indictment states that the defendant would "negotiate the altered checks intending to convert the proceeds to his personal use and intending to conceal such transactions from Homeland…" *Id.* The Superseding Indictment is very clear in its allegations of both fraudulent misrepresentations and the concealment.

The defendant's insistence that the Superseding Indictment must be supplemented by a bill of particulars is premised, in part, on the defendant's misreading of the bank fraud statute. He argues the government must show, and presumably must plead, that the defendant made a deliberate false representation to the bank. (R. 28, M.B.P. at 5.) But that is not the law. The bank fraud statute proscribes both the execution of a scheme to defraud a bank (1344(1)) and execution of a scheme to obtain property under the control of the bank using fraudulent pretenses

6

or representations (1344(2)). Under the first prong, no fraudulent misrepresentations need be shown--but the bank must be the intended victim. *United States v. Stone,* 954 F.2d 1187, 1190 (6th Cir. 1992). Under the second prong, false or fraudulent misrepresentations or pretenses must accompany the scheme, but the bank need not be the intended victim, as long as the misrepresentations or fraudulent pretenses reach the bank. *Loughrin v. United States*, No. 13-316, 2014 WL 2807180, (U.S. June 23, 2104). To be exact, even under the second prong, the government is not limited to proving affirmative *false* misrepresentations; it may satisfy the second prong (as is very clear from the statute, the jury instructions, and Sixth Circuit precedent) by proving *fraudulent* misrepresentations or pretenses which include "direct false statements as well as half-truths and the knowing concealment of material facts." Pattern Crim. Jury Instr. 6th Cir. 10.01 (2014); *United States v. O'Boyle*, 680 F.2d 34, 36 (6th Cir.1982) (holding that half-truths or concealments qualify as fraudulent misrepresentations[1]). The Sixth Circuit has recently described the substantive differences between the more narrow deceit of a "false" misrepresentation and the broader deceit of a "fraudulent" misrepresentation.

> Still other criminal statutes distinguish between "false" pretenses and "fraudulent" ones. Take the mail-fraud statute. It prohibits anyone from using the postal service or interstate commerce in furtherance of "any scheme or artifice to defraud ... by means of false or fraudulent pretenses, representations, or promises," 18 U.S.C. § 1341; see also id. § 2314 (same). "False" and "fraudulent" representations do not cover the same thing. Fraud has long been understood to include a broader range of deceptive conduct. "The gist of the action," in the Supreme Court's words, "is fraudulently producing a false impression upon the mind of the other party; and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff." *Stewart v. Wyoming Cattle Ranche Co.*, 128 U.S. 383, 388, 9 S.Ct. 101, 32 L.Ed. 439 (1888); see also Black's Law Dictionary 731 (9th ed.2009) (defining fraud as "[a]

---

[1] The drafters of the current Sixth Circuit Pattern Jury Instructions favorably cite the concealment and half-truth language of *O'Boyle* as an appropriate meaning to the current definition of "false or fraudulent pretenses, representations or promises" as stated in the pattern instruction for bank fraud. Pattern Crim. Jury Instr. 6th Cir. 10.01 (2014). Committee Commentary Instruction 10.03 (current through March 15, 2014)

7

> knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment").

*United States v. Kurlemann*, 736 F.3d 439 (6th Cir. 2014.) The Superseding Indictment sufficiently pleads the fraudulent misrepresentations and is not required to plead a direct lie to the Bank.

The defendant cites two cases in support of his assertion the government must prove and plead an affirmative false representation: *United States v. Staples,* 435 F.3d 860, 867 (8th Cir. 2006) and *United States v. Ponec*, 163 F.3d 486 (8th Cir. 1998). In *Staples,* the district court provided the wrong jury instructions on bank fraud (the instructions erroneously required the government to prove both prongs) and those instructions became the law of the case, but not the circuit. *Id.* at 866. As for *Ponec,* the Eighth Circuit subsequently clarified *Ponec,* expressly holding that "a scheme to defraud under 1344(1) does not require an affirmative misrepresentation." *United States v. Steffen*, 687 F.3d 1104, 1111 (8th Cir. 2012). It should also be noted that the *Ponec* opinion affirmed convictions based on misrepresentations remarkably similar to those in the case now before this Court. Ponec made implied fraudulent misrepresentations by using his personal deposits slips to deposit company money into his personal account—impliedly representing he was entitled to the funds. *Id.* at 487. Ponec made no "affirmative misrepresentations" to the bank. The defendant's insistence here that the Superseding Indictment's bank fraud allegations are unclear because they do not describe a specific lie to the bank, is not based on law. In fact, the Superseding Indictment clearly states the defendant made fraudulent pretenses and representations by presenting altered checks to the bank.

As for the false statement allegations, the defendant makes two claims. First, he claims the Superseding Indictment does not identify the "false reports." (R. 28, M.B.P. at 4.) But the

8

Superseding Indictment identifies the false statements and reports as follows: the defendant "knowingly made false statements and reports for the purpose of influencing the action for the Federal Crop Insurance Corporation in connection with an audit of an insurance payment for Crop-year 2008, that is *false receipts* from Crop-year 2006…" (emphasis added) (R. 21, Superseding Indictment at 7.) Thereafter, the Superseding Indictment specifically identifies each receipt. The Superseding Indictment is very clear and specific. Second, the defendant claims the Superseding Indictment does not allege what is fake about the receipts. But the Superseding Indictment explains that the Smith Grain receipts were fabricated using 2002 receipts and the Kokomo receipts were fabricated using a 2009 receipt. The defendant's complaint is analogous to a counterfeiter complaining that his indictment does not allege which part of a fake $20 bill is counterfeit. Each receipt in its entirety, as plainly described by the Superseding Indictment, is counterfeit and every assertion contained on each receipt—that a certain amount of grain was sold for a certain amount of money on a certain day—is false.

The defendant cites several cases in his motion that purportedly support his request for a bill of particulars. They do not. At the outset, the government notes the defendant cites no case in the Sixth Circuit, or elsewhere, that holds the denial of a bill of particulars was error. Defendant cites one Supreme Court case that does not reach the issue of the propriety of a bill of particulars. *Will v. United States*, 389 U.S. 90 (1967). He cites a Sixth Circuit moonshine case from 1965 that addresses what happens when the evidence deviates from a bill of particulars. *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965). He cites an Eighth Circuit case affirming the denial of a bill of particulars, *United States v. Miller*, 543 F.2d 1221 (8th Cir. 1976). He cites two other Eighth Circuit cases that do not mention a bill of particulars (and only nominally stand for the position defendant offers them), *United States v. Ponec*, 163 F.3d 486 (8th Cir. 1998) and

9

*United States v. Staples*, 435 F.3d 860 (8th Cir. 2006). And, he cites a handful of non-binding district court cases from outside the Sixth Circuit.

The out-of-circuit district court opinions have limited value for a number of reasons. First, they are not authority for this Court, binding or otherwise, and do not adhere to Sixth Circuit precedent. Second, when the facts of an out-of-circuit district court opinion are very similar (and none of the cases cited by the defendant are), the court's reasoning may be helpful. But when a case is offered for its insight into the particularity of an indictment, it is only helpful if the opinion recites the relevant portions of the indictment along with the facts to be specified in the bill. In several of the cases cited, the courts grant a bill but do not describe the indictment. In some instances, the opinion merely states that a certain request, sometimes identified only by a number, is granted. The opinions that provide enough information to compare to the instant case, reason against granting a bill here. The following analysis of each of the cases cited by the defendant shows the cases to be unpersuasive and, in fact, to support the denial of a bill of particulars in this case.

In *United States v. Barket*, 380 F.Supp. 1018, (W.D. Mo. 1974), the defendant faced prosecution for a violation of 18 U.S.C. § 610, the coercion of political activity. The *Barket* Court characterized § 610 prosecutions as "present[ing] many complicated and difficult questions of law." *Id*. at 1019. The opinion quotes the indictment, but not the proposed bill of particulars. *Id.* From the quote provided, the indictment does appear to be vague. But the opinion's references to the bill of particulars are not helpful. For instance, without detail, the court orders paragraphs "2,3,4,5,8 and 9" of the bill of particulars to be answered. *Id*. at 1023. This makes comparison difficult. However, the opinion gives some insight into its approach by examining two specific requests. The description of the answer to paragraph 1 and the

10

discussion of paragraph 10, offer a partial glimpse into the court's analysis, but even so, the reasoning militates against granting a bill in this case. In paragraph 1, which was already answered before the hearing, the government specified which check it was relying upon, the amount of the check, to whom the check was payable, and that the check represented the "proceeds of an alleged bonus. . ." *Id*. at 1020. The court found this answer to be satisfactory and ordered the government to merely repeat this same information into the bill. *Id*. at 1023. The government's answer to paragraph 1 in *Barket* is the exact kind of information provided to the defendant here in the Superseding Indictment. In paragraph 10 of *Barket*, the Court ordered the government to describe its theory as to how a bank made a "contribution or expenditure" within the meaning of the pertinent statute. *Id*. at 1023. Likewise, in the instant case, the Superseding Indictment explicitly states the government's theory: the defendant committed a fraudulent misrepresentation to obtain bank funds by presenting altered checks to the bank. Thus, *Barket's* only value is to sanction portions of a bill of particulars that were written like the Superseding Indictment in the case now before this Court. *Barket* provides no basis for granting a bill of particulars in this case.

Defendant also cites *United States v. Vasquez-Ruiz*, 136 F.Supp.2d 941 (N.D. Ill. 2001). In *Vasquez-Ruiz* the defendant was a doctor charged with seeking insurance reimbursement premised on false entries and unnecessary medical tests. *Id.* at 943. The defendant had seen "thousands of patients over [a] three and one-half year period," and the government gave him 17,000 pages of documents, but neither the indictment nor the documents identified the patients, the false bills or "even the types of tests claimed to be unnecessary." *Id*. The court ordered a bill of particulars because, otherwise, the defendant would have had to guess who the patients were and which documents were false. *Id.* at 944. The Superseding Indictment is this case requires

11

no guesswork to determine which documents are fraudulent and which are false. Another court in the same district distinguished its own indictment from *Vasques-Ruiz* for the same reasons the Indictment in the instant case is different. In *United States v. Caputo,* 288 F.Supp.2d 923, (N.D.Ill.2003) the court denied a bill of particulars because the indictment alleged the execution of one scheme by different sales of a medical product-- but each sale "was fraudulent for the exact same reason." *Id.* at 926. Like the indictment in *Caputo*, the Superseding Indictment before this Court sets out one specific scheme to defraud, executed by different instances of presenting altered checks, each being fraudulent for the exact same reason. The Superseding Indictment in this case provides the same kind of specificity required by the *Vasquez-Ruiz* Court and intrinsic to the indictment in *Caputo*. Indeed, the bank fraud counts in the case before this Court spell out the dates of offense and the exact fraudulent checks--to the penny. The false statement charges set out exactly which receipts are false. The *Vasquez-Ruiz* opinion provides no basis for ordering a bill of particulars in this case.

The defendant also cites *United States v. Trie*, 21 F.Supp. 2d 7 (D.C. 1998). Trie was charged with making false statements in election reports and was granted a bill of particulars after the government provided 45 excerpts of election reports that contained 175 different contributors. *Id.* at 21. The false statements were located somewhere in the reports. This required the defendant to search and find the false statements for which he was responsible. *Id.* at 21. The court identified this as a problem because the defendant would have had to sift through "45 pages [that] contain[ed] 175 names along with a variety of information about each person or entity listed…" to find his false statements. *Id.* The government responded that the defendant could find them himself--the court disagreed. *Id.* at 21. *Trie* is nothing like the case now before this Court. Here, the defendant has no sorting to do—the Superseding Indictment sets out his

12

false statements directly. Another district court in Ohio considered *Trie* in a similar request for a bill of particulars. In *United States v. Haynor*, 2012 WL 5342410 (S.D.OH 2012) the court denied a defendant's motion and, distinguishing its own case from *Trie*, stated that "[p]aragraphs 29 through 31 of the indictment identify the dates the allegedly false statements were made, where they were made (during the audit conferences), and what those statements were. . ." *Id*. at *4. This is the same kind of information provided in the Superseding Indictment in the instant case. In denying Haynor's motion, the court concluded "[a] bill of particulars is not proper to compel disclosure of all of the Government's evidence or its trial strategies…" and "…the indictment. . .augmented by discovery and the Government's impending Jencks/Giglio and Rule 404(b) disclosures, [was] sufficient to apprise the Defendants of the nature and basis of the charges, and to preclude a second prosecution against them for the same offenses." *Id.* at *4. For the same reasons, and for the same distinctions *Haynor* makes from *Trie,* this defendant's request should be denied.

     Defendant also cites *United States v. Rogers*, 617 F. Supp. 1024 (CO. 1985). In *Rogers,* the defendant faced a thirty-count indictment charging "mail fraud, racketeering, fraudulent interstate transactions, aiding the filing of false or fraudulent tax returns, conspiracy to obstruct justice, subornation of perjury, and perjury." *Id*. at 1026. The district court granted a bill of particulars as to the identity of the "co-conspirators, aiders and abettors, and other individuals involved in the criminal acts charged . . ." *Id*. at 1028. But that is not the law in the Sixth Circuit. *United States v. Rey,* 923 F.2d 1217, 1222 (6th Cir. 1991) (holding as long as indictment is valid, contains the elements, and gives notice, it is not essential that a conspirator know all other conspirators). The *Rogers* court also ordered a bill of particulars relative to false statements because "[g]eneral

13

allegations of false statements and testimony are not sufficient." *Id*. at 1029   But the indictment itself is not recited in the opinion so there is no way to assess how "general" the indictment was.  There is also no way to determine whether the false statements were relative to the fraudulent interstate transactions, false tax returns, obstruction charges or the perjury charges.  However, the summarized order directing the government to reveal the "substance, date, time and place of each false statement or concealment and the persons involved" suggests a vagueness in *Rogers,* not present in the instant case.  *Id.*  As stated numerous times already, the Superseding Indictment in this case very specifically pleads the date, the time, and the substance of the false statement—and reads like a bill of particulars.

     The defendant cites *United States v. Smith*, 65 F.R.D. 464 (N.D.Ga. 1974).  In *Smith*, the court granted a bill of particulars, and described the indictment as "vague." *Id.*. at 469.  But there is no recitation of the indictment so there is no way to compare that case to the case currently before this Court.

     The defendant also cites *United States v. Anderson*, 254 F.Supp. 177 (Ark. 1966).  Anderson was charged with filing false tax returns for tax years 1959, 1961, and 1962. *Id* at 178.  The government alleged the defendant had income in those years that exceeded the amount he reported.  *Id*.  For instance, in one count, the indictment alleged the defendant "stated his gross receipts were $10,277.00, whereas the gross receipts were approximately $17,000.00" *Id*.  The defendant requested and the court granted a bill of particulars requiring the government to list the receipts from those tax years as well as any bank deposits.  *Id*. at 178-79.  But in *Anderson*, in order to know how the government established an income level it claimed he should have paid taxes on, the

14

defendant needed to know which receipts the government contended represented income. (Or, if the government was reconstructing income from bank deposits--which bank deposits were income.) Only then could the defendant specifically counter any individual receipts he claimed were not income. (i.e. gifts, loan repayments, legal fees received but not earned in the pertinent tax year, etc.) The defendant before this Court might have had the same problem if the government had tallied the total deposits and total grain receipts from the pertinent years and alleged that a portion of those tallies or the totals were false. He too would need to know which receipts the government claimed were false. But that is not how this Superseding Indictment is structured. Here, the Superseding Indictment specifically enumerates the specific checks upon which the fraud is based and the receipts which contain false statements. The *Anderson* court would have concluded a bill of particulars was unnecessary too if the indictment it examined had listed the specific receipts of income the government alleged were omitted.

Finally, the defendant cites *United States v. Daniels,* 159 F.Supp.2d 1285 (Kan. 2001) In *Daniels*, the defendant was a doctor charged with numerous counts of health care fraud and mail fraud. The government's indictment alleged the defendant committed numerous acts of fraud detailed in paragraphs 17 through 19 of the indictment. These acts included: "billing for sham surgeries," "upcoding," "falsifying documents" such as "correspondence, history and physical reports" and numerous other "patterns or practices to execute the scheme" laid out in paragraphs 17-20 of the indictment. *Id*. at 1292. The indictment charged, in a chart format, individual mailings to execute the various schemes listed above. *Id*. at 1294. For instance, the chart charged that the defendant deposited (in the mail) on February 6, 1996, a "Bill for services by Daniel."

15

*Id*. However, based on the structure of the indictment, the defendant could not discern which fraudulent act listed in paragraphs 17 through 19 connected to which specific mailing. *Id*. at 1297-98. So the court ordered a bill of particulars to specify "which fraudulent patterns or practices (specified in paragraphs 17 through 19) apply to each count/patient." The problem in *Daniels* does not exist in the current case. Here, there is only one overriding scheme--to obtain the bank's funds by selling its collateral and disguising the sale with altered checks. The same scheme was executed different times by presenting the altered checks. Like the other out-of-circuit cases offered by the defendant, *Daniels* offers no basis for ordering a bill of particulars in this case. The out-of-circuit district court opinions only highlight the kinds of cases where a bill of particulars is appropriate. And those cases are different from this case.

**4. Conclusion**

In summary, the Superseding Indictment amply apprises the defendant of the charges he faces. It is detailed and specific and the government has provided extensive discovery. For the foregoing reasons, the defendant's motion for a bill of particulars should be denied.

                    Respectfully submitted,

                    WILLIAM C. KILLIAN
                    United States Attorney

          By:    s/*James T. Brooks*
                  James T. Brooks
                  Assistant U.S. Attorney
                  1110 Market Street, Ste. 515
                  Chattanooga, TN 37421
                  423.752.5140

CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2014, a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system. Other parties will be served by regular U.S. mail.

                                                                   s/*James T. Brooks*
                                                                   James T. Brooks
                                                                   Assistant United States Attorney